**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NORMAN WAYNE THURBER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES GOVERNMENT, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 25-4441 (UNA) |

**MEMORANDUM OPINION**

Plaintiff finds himself in the custody of the Federal Bureau of Prisons after having been convicted of criminal offenses in violation of 18 U.S.C. § 2251.[1] The Court understands Plaintiff to challenge the constitutionality of the statute, to allege prosecutorial misconduct and ineffective assistance of defense counsel, to demand his immediate release from custody, and to demand compensatory damages stemming from his arrest, prosecution, and incarceration, among other matters. The Court GRANTS Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2), DISMISSES the complaint (ECF No. 1) and this civil action without prejudice, and DENIES as moot Plaintiff's motions for appointment of Counsel (ECF No. 3) and for issuance of a subpoena (ECF No. 7).

A challenge to Plaintiff's conviction and sentence would proceed in the sentencing court by motion under 28 U.S.C. § 2255, and this is not the sentencing court.[2] To the extent Plaintiff

---

[1] The Court presumes that Plaintiff's citation to 28 U.S.C. § 2251, *see, e.g.,* Compl. at 5, 14, is an error.

[2] Plaintiff identifies his criminal case by number, *See, e.g.*, Mot. for Subpoena (ECF No. 7) at 1, and it appears that Plaintiff was tried and convicted in the U.S. District Court for the Eastern District of Arkansas, *see* Judgment in a Criminal Case, *United States v. Thurber*, No. 4:20-cr-0346 (E.D. Ark. May 12, 2023) (ECF No. 88).

demands compensation for a wrongful conviction and sentence, the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars such relief. "[I]n in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87. Plaintiff's success here "would necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487. Because he does not show that his conviction or sentence has been reversed or otherwise invalidated, his claims "are not cognizable unless and until he meets the requirements of *Heck*," *Harris v. Fulwood*, 611 F. App'x 1, 2 (D.C. Cir. 2015); *see Gowadia v. Internal Revenue Serv.*, 87 F. Supp. 3d 188, 190 (D.D.C. 2015) ("Because Plaintiff's convictions have not been invalidated in any prior proceeding, *Heck* bars this suit."); *Poynter v. Russo*, No. 13-cv-1129, 2013 WL 4052784, at *1 (D.D.C. Aug. 12, 2013) (dismissing case *sua sponte* under *Heck* where plaintiff did not establish conviction had been overturned).

An Order is issued separately.

/s/
AMIT P. MEHTA
United States District Judge

DATE: August 17, 2026